IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| FLORENCE GIESKEN, | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| EQUABLE ASCENT FINANCIAL, LLC F/K/A HILCO RECEIVABLES, LLC, | : | |
| Defendant. | : | |

**COMPLAINT**

Florence Giesken, by her attorney Ray Johnson, for her claims against the Defendant states:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Florence Giesken, is a natural person residing in Chariton, Iowa.

4. Defendant, Equable Ascent Financial, LLC formerly known as Hilco Receivables, LLC (hereinafter, Hilco) does business in Iowa with its principle place of business located in Northbrook, Illinois.

5. Hilco is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Florence Giesken purchased a vehicle financed by GMAC.

7. The vehicle was defective. The defects resulted in breaches of express and implied warranties.

8. Concerned for the safety of her small children, Giesken surrendered the vehicle. GMAC sold the vehicle and attempted to collect the deficiency from Giesken. Giesken had numerous defenses to GMAC's lawsuit.

9. GMAC then sold/assigned the alleged debt to Hilco Receivables, and Hilco sued Giesken in small claims court for the alleged deficiency. Giesken filed an answer and defended at the small claims hearing. Hilco and its counsel failed to appear for the hearing. The judge ruled in Giesken's favor and dismissed the case with prejudice.

10. Despite losing its case due to its own neglect, Hilco continued its attempts to collect the debt from Giesken.

11. Furthermore, Hilco is not registered or authorized to collect debt in the state of Iowa.

12. Defendant and/or its assignors have falsely reported the alleged debt to one or more credit reporting agencies.

## V. FIRST CLAIM FOR RELIEF

13. Defendant violated the FDCPA. Defendant's violations include, but are not Limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect amounts (including any interest, fee, charge, or expense incidental to the principal obligation) not authorized by agreement or permitted by law;

   b. Defendant violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representations, including but not limited to, the character, amount, or legal status of the debt;

   c. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action that cannot legally be taken; and

   d. Use of an unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. 1692(f).

14. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, costs, and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

15. All facts and allegations of this Complaint are incorporated herein by reference.

16. Defendant violated Iowa's Debt Collection Practices Act. Defendant's violations include but are not limited to:

   a. Defendant violated Iowa Code § 537.7103(4) by using fraudulent, deceptive or misleading representations or means to collect or attempt to collect a debt or to obtain information concerning a debtor;

   b. Defendant violated Iowa Code § 537.7103(1) (f) by threatening to take an action prohibited by this chapter or any other law, including violations of Iowa Code § 714.16(2)(a);

    c. Defendant violated Iowa Code § 537.7103(4)(e) by intentionally misrepresenting or making a representation which tends to create a false impression of the character, extent or amount of a debt or of its status in a legal proceeding; and

    d. Defendant engaged in unconscionable conduct in collecting the debt from Giesken violating Iowa Code § 537.5108(2).

    e. Defendant made a false representation about the status or true nature of, or services rendered by, the debt collector's business in violation of Iowa Code § 537.7103(4)(i).

17. As a result of the above violations of the Iowa Code, the Defendant is liable to the Plaintiff for statutory damages, actual damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

    A. Actual damages.

    B. Statutory damages.

    C. Costs and reasonable attorney's fees.

    D. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

_____
RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Road
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090

Fax: (515) 222-2656
Johnsonlaw29@aol.com